

Shawn Gerrits, Attorney at Law
Arizona State Bar No. 033232
**The Law Office of Shawn Gerrits PLLC**
3430 E. Sunrise Blvd. STE 180
TUCSON, AZ 85718
Telephone: (520) 990-5209
Email: shawn.gerrits@yahoo.com
Plaintiff Pro Se and on behalf of PLLC

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| SHAWN GERRITS and THE LAW OFFICE OF SHAWN GERRITS PLLC, Plaintiffs, <br><br> v. <br><br> PIMA COUNTY: JILLIAN AJA: DEAN BRAULT; BENJAMIN MENDOLA; AND DOES 1-10 Defendants. | Case No.: 4:25-cv-00454 <br><br> **PLAINTIFFS RESPONSE IN OPPOSITION TO STRIKE SECOND AMENDED COMPLAINT** |
|---|---|

## INTRODUCTION

Defendants move to strike Plaintiffs' Second Amended Complaint ("SAC") pursuant to Local Rule 15.1, characterizing it as "unauthorized." Motions to strike are an extraordinary remedy, disfavored under federal law, and unwarranted in these circumstances. Plaintiffs filed the SAC in good faith, promptly, and prior to the deadline for any responsive pleading.

As detailed below, Plaintiffs were entitled to amend as of right under Federal Rule of Civil Procedure 15(a)(1). Alternatively, even if the Court concludes that Plaintiffs' right to amend under Rule 15(a)(1) was exhausted in state court, the SAC should be deemed filed with leave of Court under Rule 15(a)(2), nunc pro tunc, in accordance with Rule 15's liberal policy favoring amendments. In either event, the SAC is properly before the Court, and Defendants will suffer no prejudice.

## ARGUMENT

I. The SAC Was Properly Filed as of Right Under Rule 15(a)(1)

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course prior to the service of a responsive pleading or a motion under Rule 12. Here, at the time Plaintiffs filed the SAC, no responsive pleading or Rule 12 motion had been served and still has not been served as of today. Accordingly, Plaintiffs properly exercised their right to amend, rendering the SAC the operative pleading moving forward.

Defendants rely on *Hanks v. Harper*, WL 6050229 (D. Ariz. 2019), but that case is inapposite in key ways. In *Hanks*, the court denied leave to amend after the plaintiff had engaged in repeated filings and supplements in state court, raising clear risks of prejudice. The *Hanks* Court evaluated the amendment in line with the overall pleading philosophy set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962), where the Court held "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel ay be decisive to the outcome and accept the principle that the purpose of pleasing is to facilitate a proper decision on the merits."

In *Hanks* the court weighted striking the pleading under the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. Here, none of these factors weigh against Plaintiffs. There is no evidence of bad faith or undue delay, and the SAC introduces no new claims or parties that could surprise Defendants. To the contrary, the SAC addresses deficiencies that Defendants themselves identified, thereby streamlining the proceedings.

Defendants also cite *Cwiak v. City of Phoenix*, WL 1742531 (D. Ariz. 2010), but that decision likewise does not support their position. In *Cwiak*, the plaintiff filed a second amended complaint after a motion to dismiss had already been served, thus violating Rule 15(a)(1). Even so, the court declined to strike the filing, noting it appeared to stem from a good-faith misunderstanding of the rules rather than bad faith. The court further observed that the amendment sought to cure deficiencies raised in the defendants' motion to dismiss, and that striking it would merely delay proceedings, as any dismissal would likely be without prejudice, affording the plaintiff an opportunity to amend and necessitating spending time and energy to essentially get back to the same place procedurally if the SAC would be accepted. *Id.* These considerations apply with equal force here: the SAC was filed to clarify the claims and parties in response to Defendants' specific concerns. This allows the case to avoid procedural delays and undue harm to

Plaintiff as damages in this case are ongoing. Plaintiffs do not oppose granting Defendants additional time to respond if needed.

II. Alternatively, the SAC Should Be Deemed Filed with Leave Under Rule 15(a)(2), Nunc Pro Tunc.

Even assuming that Plaintiffs' right to amend under Rule 15(a)(1) was exhausted in state court, Rule 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." *Foman*, 371 U.S. at 182. The Ninth Circuit construes this standard with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). As the cases cited by Defendants themselves illustrate, judicial economy and resolution on the merits favor allowing amendments that promote efficiency rather than procedural hurdles. As the attached Meet and Confer Letter sent to Plaintiffs on August 12, 2025 shows, any corrections and additions found in the new filing are attempts to cure deficiencies explicitly described by Defendants. *See* Exhibit A. While Mr. Gerrits saw many of the deficiencies as boiler plate; he nonetheless made the changes requested by Defendants in order to avoid motion practice on procedural technicalities given the delay already requested by Defendants.

Defendants' Motion to Strike mischaracterizes the August 12th, 2025 Meet and Confer letter, *See* Exhibit A. Defendants suggest they only raised one issue, the PLLC standing, and the SAC was beyond the scope of this issue. As the attached letter shows, Defendants attempted to identify deficiencies across nearly each count of the FAC. Plaintiffs filed their SAC the very next day once it was clear the Defendants would delay answering the FAC. This filing was made in good faith, before any responsive pleading and the amendments, now redlined, follow precisely from the Defendants own demands.

The SAC cures alleged technical deficiencies to streamline litigation on merits:

1. Promptness and Responsiveness: Plaintiffs filed the SAC on August 14, 2025—just two days after Defendants' August 12 meet-and-confer letter and one day after Defendants' motion for an extension of time. In their correspondence, Defendants expressly suggested that Plaintiffs amend voluntarily to address perceived deficiencies. Although Plaintiffs disagreed with Defendants' substantive position, they filed the SAC the following day to clarify the pleadings and avert unnecessary motion practice.

2. Efficiency: With Defendants having just secured an extension, amending at this early stage conserved judicial and party resources by obviating potentially wasteful briefing under Rule 12(b).

//

3. Good Faith: The amendment occurred before any responsive pleading, discovery, or scheduling order, and was intended solely to clarify issues—not to delay or prejudice Defendants.

4. Lack of Prejudice: Defendants cannot demonstrate harm. They have possessed the original complaint since July 9, 2025, and consented to an extension through August 28, 2025. The SAC's filing reset the response deadline under Rule 15(a)(3) to 14 days after service, providing Defendants their full allotted time. To underscore good faith, Plaintiffs consent to Defendants' request for an additional 20 days to respond. The amendment, filed promptly after Defendants' suggestion, actually benefits them by resolving the issues they raised.

Under these circumstances, the SAC should be deemed filed with leave of Court, nunc pro tunc to August 14, 2025.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion to Strike. The SAC was properly filed as of right under Rule 15(a)(1), as no responsive pleading had been served. Alternatively, it should be deemed filed with retroactive leave under Rule 15(a)(2), nunc pro tunc to August 14, 2025, as it was timely, made in good faith, and imposes no prejudice. Indeed, it advances resolution on the merits rather than procedural delay. Defendants have had ample notice of the claims since July 9, 2025, received their full 14-day response period post-SAC, and Plaintiffs consent to an additional 20-day extension. To the extent Local Rule 15.1 applies, any technical noncompliance is cured by the attached redline comparison (Exhibit B).

Defendants' motion prioritizes procedural technicalities over substantive progress. The Court should deny it and permit the case to proceed on the operative pleading.

//

//

//

4

CERTIFICATE OF SERVICE

I hereby certify that on 8/20/2025 a true and correct copy of the Plaintiffs response in opposition to strike second amended complaint was served on the following parties via email.

Joey Flynn, Joey.Flynn@pcao.pima.gov
Rebecca O' Brien, Rebecca.OBrien@pcao.pima.gov
Karen Lara, Karen.Lara@pcao.pima.gov
Tyler Campman,Tyler.Campman@pcao.pima.gov

Dated: August 20, 2025.

/s/ Shawn Gerrits
Shawn Gerrits, Esq.
Arizona State Bar No. 033232
Telephone: (520) 990-5209
Email: shawn.gerrits@yahoo.com
Plaintiff Pro Se and on behalf of PLLC