**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Gerrits, et al., | No. CV-25-00454-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (Doc. 11), to which Plaintiffs responded in opposition (Doc. 12). For the following reasons, the Court will grant the Motion to Strike.

**I.    Procedural History**

Plaintiff Shawn Gerrits filed his original Complaint in the Pima County Superior Court on July 9, 2025. (Doc. 1-1 at 4-86.)[1] He then filed a First Amended Complaint ("FAC") that added the Law Office of Shawn Gerrits, PLLC as an additional Plaintiff. (*Id.* at 90-170.) Defendants removed the action to the United States District Court for the District of Arizona on August 7, 2025. (Doc. 1.) Following removal, the Court granted Defendants' unopposed request for an extension of their responsive pleading deadline. (Docs. 7, 8.)

On August 14, 2025, Plaintiffs filed a Second Amended Complaint ("SAC"), without seeking leave of Court to do so. (Doc. 9.) Defendants then filed the pending Motion

---
[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

to Strike. (Doc. 11.) The Court vacated Defendants' deadline for responding to Plaintiffs' FAC pending resolution of the Motion to Strike. (Doc. 13.)

## II. Legal Standard

### A. Motions to Strike

Under Local Rule of Civil Procedure ("LRCiv") 7.2(m), a motion to strike "may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by statute, rule, or court order."

### B. Amending Pleadings

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The District of Arizona's Local Rules of Civil Procedure provide for additional procedural requirements, including attachment of a red-lined copy of the amended pleading differentiating it from the prior pleading. LRCiv 15.1.

When a party has obtained the opposing party's consent to amend, the amending party does not need the Court's permission to amend. *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954). An amendment by consent is not subject to the Court's discretion, and the Court must permit such an amendment when filed. Wright & Miller, *Federal Practice & Procedure*: Civil § 1490 (1989). Rule 15(a)(2) does not state that the consent should take any particular form, so long as it is written down; therefore, "any writing clearly indicating that consent has been given should suffice." § 1490 Consent of Adverse Party, 6 Fed. Prac. & Proc. Civ. § 1490 (3d ed.).

When a party seeks leave of Court to amend, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the Court's discretion to grant or deny a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court

must, however, provide a justifying reason for the denial of such a motion—such as undue delay, bad faith, undue prejudice to the opposing party, futility of amendment, or repeated failure to cure deficiencies by prior amendments. *Id.*

### III. Discussion

Because Plaintiffs had already amended their pleading once as a matter of course, they needed leave of Court or the opposing party's written consent to file the SAC. *See* Fed. R. Civ. P. 15(a)(1)-(2)*; see also, e.g.*, *Hanks v. Harper*, No. CV-19-03174-PHX-DLR, 2019 WL 6050229, at 2 (D. Ariz. Nov. 15, 2019) (granting a motion to strike a pleading where the plaintiff had already filed amendments in state court and did not seek leave of Court or the opposing party's written consent). Plaintiffs did not seek leave of Court prior to filing the SAC. Therefore, whether the SAC was properly filed is contingent on whether Defendants provided written consent.

Before Plaintiffs filed the SAC, Plaintiffs and Defendants engaged in correspondence regarding alleged deficiencies of the FAC. (*See* Doc. 11-1; Doc. 12-1.) Defendants concede that they offered to stipulate to an amended complaint addressing the alleged deficiencies of the FAC, but they aver that the Plaintiffs "plainly rejected" their offer. (Doc. 11 at 3.) Alternatively, Defendants argue that even if their "offer to stipulate" is considered a written consent to amendment, Plaintiffs' SAC goes well beyond the scope of the consent offered, which Defendants aver was limited to the issue of a lack of factual allegations in the FAC related to Plaintiff Law Office of Shawn Gerrits, PLLC. (Doc. 11 at 2-4.) Defendants submit email correspondence between the parties in which Defendants note the PLLC issue and suggest that Plaintiffs "amend the complaint to fix this deficiency." (Doc. 11-1 at 3-7.) In response, Plaintiffs argue that Defendants identified alleged deficiencies far beyond the PLLC issue during the parties' meet-and-confer efforts. (Doc. 12 at 3.) Plaintiffs submit a letter in which Defendants outline numerous alleged deficiencies in the FAC and ask Plaintiffs to dismiss or amend their claims. (Doc. 12-1 at 2-4.)

Even if the Court were to view the parties' correspondence as written consent to

amend pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs' SAC goes beyond the scope of Defendants' consent. For example, the SAC adds a new claim for tortious interference with prospective economic advantage. (*See* Doc. 9 at 92-94.) Because the SAC goes beyond the scope of Defendants' consent to amend, the SAC was not properly filed based on the consent of the opposing party.[2]

Plaintiffs ask the Court to grant leave to amend *nunc pro tunc* (Doc. 12 at 3-4), but the Court declines to do so, because Plaintiffs' failure to file a motion to amend denied Defendants a fair opportunity to file a response addressing the propriety of the proposed amendments. Because Plaintiffs' SAC is not authorized by any statute, rule, or court order, the Court will grant Defendants' Motion to Strike. Plaintiffs are free to move for leave to amend in accordance with Federal Rule of Civil Procedure 15 and LRCiv 15.1.

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (Doc. 11) is **granted**. Plaintiffs' Second Amended Complaint (Doc. 9) is **stricken** from the record.

**IT IS FURTHER ORDERED** that, pursuant to the Court's August 20, 2025 Order (Doc. 13), Defendants shall answer or otherwise respond to Plaintiffs' First Amended Complaint within **twenty (20) days** of the date this Order is filed.

Dated this 20th day of October, 2025.

_____
Honorable Rosemary Márquez
United States District Judge

---

[2] Additionally, Plaintiffs failed to comply with the Local Rules of Civil Procedure regarding amended filings. Although Plaintiffs attached a red-lined copy of the SAC to their Response to the Motion to Strike (Doc. 12-1 at 6-101), Plaintiffs failed to attach a red-lined copy at the time they filed the SAC. *See* LRCiv 15.1.