WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Gerrits, et al., | No. CV-25-00454-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to File Third Amended Complaint ("TAC"). (Doc. 17.) Defendants filed a Response in opposition (Doc. 19), and Plaintiff filed a Reply (Doc. 20).

**I.   Background**

Plaintiff Shawn Gerrits initiated this action in the Pima County Superior Court and, while the case was in state court, filed a First Amended Complaint ("FAC") that added the Law Office of Shawn Gerrits, PLLC as an additional Plaintiff. (Doc. 1-1 at 4-86, 90-170.) Defendants removed the action to federal court (Doc. 1), and Plaintiff thereafter filed a Second Amended Complaint ("SAC") (Doc. 9). The Court struck the SAC from the docket because it was filed without the opposing parties' written consent or the Court's leave. (Doc. 14.) Plaintiff thereafter filed the pending Motion for Leave to File TAC. (Doc. 17.) The Court has extended Defendants' deadline for answering or otherwise responding to Plaintiff's operative pleading pending the resolution of Plaintiff's Motion. (Doc. 16.)

. . . .

## II. Legal Standard

With the exception of amendments made as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should freely be given "when justice so requires." *Id.* In determining whether to grant leave to amend, courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. Discussion

Plaintiff argues in his Motion that good cause exists to allow him to file his proposed TAC because the amendments arise from recently obtained additional relevant evidence that was not available at the time of the prior pleading. (Doc. 17.) Defendants argue that Plaintiff's Motion should be denied because the proposed TAC is overly verbose, includes duplicative claims and improper commentary, fails to identify each party on each claim, and includes claims that are facially defective. (Doc. 19.) Defendants ask the Court to deny Plaintif's Motion and direct Plaintiff to file a newly proposed amended complaint that complies with the pleading standards of Federal Rules of Civil Procedure 8 and 11, and does not exceed 40 pages in length. (*Id.* at 8-9.) In reply, Plaintiff argues that Defendants fail to meaningfully address the liberal standards governing amendments under Federal Rule of Civil Procedure 15, and that Defendants' procedural objections and factual assertions do not justify denying amendment. (Doc. 20.)

The Court finds that Defendants' arguments are more appropriate for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion to strike under Rule 12(f), or a motion to dismiss under Rule 41(b) for failure to comply with Rule 8. Defendants argue that some of Plaintiff's claims are defective, but they do not contend that all the amendments in the proposed TAC are futile. Defendants note that Plaintiff has made prior amendments, but the Court struck Plaintiff's SAC, and the FAC was filed as a matter of

course under Rule 15(a)(1).  None of the prior amendments were made after notice from the Court of deficiencies in the complaint.  Defendants do not specifically argue that they would be prejudiced by Plaintiff's proposed amendment, that the proposed amendment would cause undue delay, or that Plaintiff has acted with bad faith or dilatory motive.

Given the liberal standards of Rule 15(a)(2), the Court will grant Plaintiff's Motion.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 17) is **granted**.  The Clerk of Court is directed to file Plaintiff's proposed Third Amended Complaint (lodged at Doc. 18).  Defendants shall answer or otherwise respond to the Third Amended Complaint within **fourteen (14) days** of the date this Order is filed.

Dated this 28th day of January, 2026.

_____
Honorable Rosemary Márquez
United States District Judge